**No. 40366.**—Protest 806765–G of T. E. Woodhull (San Francisco).

Opinion by SULLIVAN, J. It was stipulated that the merchandise consists of chicken rings the same as those passed upon in *United States* v. *Perry* (25 C. C. P. A. 282, T. D. 49395). The claim for free entry under paragraph 1604 was therefore sustained.

**No. 40367.**—Protest 948719–G/87839 of Yamanaka & Co., Inc. (Chicago).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel and on the authority of *Kwong* v. *United States* (T. D. 49409) the wooden stands in question were held dutiable separately at 33⅓ percent under paragraph 412 as claimed.

**No. 40368.**—Protest 959917–G of Ignaz Strauss & Co., Inc. (New York).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel and on the authority of *Kwong* v. *United States* (T. D. 49409) the wooden stands in question were held dutiable separately at 33⅓ percent under paragraph 412 as claimed.

**No. 40369.**—Protest 842560–G of S. H. Kress & Co. (New York).

Opinion by SULLIVAN, J. It was stipulated that the merchandise consists of noisemakers in chief value of wood similar to those the subject of *Dessart* v. *United States* (T. D. 45169). The claim at 33⅓ percent under paragraph 412 was therefore sustained.

**No. 40370.**—Protests 912088–G, etc., of Carl Fischer Musical Instrument Co., Inc., et al. (New York).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel the musical instruments in question were held dutiable at 30 percent under paragraph 1541 (a) and T. D. 48316.

**No. 40371.**—Protest 933782–G of Bert Friedberg & Co. (San Francisco).

Opinion by SULLIVAN, J. It was stipulated that the merchandise consists of tennis rackets the same as those passed upon in *May* v. *United States* (T. D. 47760). The claim at 30 percent under paragraph 1502 was therefore sustained.